IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FUMA INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-cv-260 |
| | ) | 19-cv-660 |
| R.J. REYNOLDS VAPOR COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this consolidated action, the plaintiff, Fuma International, LLC, claims that two electronic cigarettes designed and sold by the defendant, R.J. Reynolds Vapor Company, the VUSE Solo and the VUSE Ciro, infringe Fuma's patents. The parties filed cross-motions for summary judgment, and the Court partially granted Fuma's motion while denying RJR's motion. RJR now contends that the Court committed clear error by granting Fuma partial summary judgment and moves for reconsideration pursuant to Federal Rule 54(b). Because RJR has not shown clear error or manifest injustice, the motion to reconsider will be denied.

In their cross-motions, RJR moved for summary judgment on noninfringement while Fuma moved for summary judgment on infringement. Docs. 119, 121. The Court held oral argument and gave the parties a discussion draft of its prospective ruling to facilitate the argument. Minute Entry 4/27/2021; *see* Doc. 138.

After the hearing, the Court held in a written order that: (1) Fuma was entitled to summary judgment on the issue of direct infringement of the '881 patent by the Solo and

Ciro; (2) Fuma was entitled to summary judgment on the issue of direct infringement of the '604 patent by the Ciro; and (3) disputed questions of fact remained as to whether the Solo has an "electrically conductive threaded portion" within the meaning of the '604 patent. Doc. 139 at 18–19.

Pursuant to Federal Rule of Civil Procedure 54(b), RJR now moves the Court to reconsider its order to the extent it granted Fuma's motion for partial summary judgment. Doc. 141.[1] RJR contends that the Court committed clear error because it weighed competing evidence and expert testimony on material facts about which reasonable minds could differ and otherwise did not view the evidence in a light most favorable to RJR as the non-movant.

The Court adopts by reference the relevant undisputed facts and patent claim construction set forth in the Court's original order. *See generally* Doc. 139.

Under Rule 54(b), a "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."). "Said power is committed to the discretion of the district court" and may be exercised as justice requires. *Am. Canoe Ass'n*, 326 F.3d at 515.

---

[1] RJR does not ask the Court to reconsider the denial of RJR's own motion for summary judgment.

The Fourth Circuit has held that Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," under Rule 59(e). *Id.* at 514. Although Rule 54(b) motions for reconsideration are held to a less stringent standard than motions under Rule 59(e), such motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). Courts in this circuit often look to the standards under Rule 59(e) for guidance in evaluating motions for reconsideration under Rule 54(b).[2] As is relevant here, reconsideration under Rule 54(b), like Rule 59(e), is appropriate "to correct a clear error of law or prevent manifest injustice." *Id.*

RJR asks the Court to reconsider its decision that the Solo literally infringes the "electrically conductive portion" claim element of the '881 patent. Doc. 142 at 24–30. The Court interpreted the term "portion" in the relevant claim language to refer "to an area within the end of the cartridge housing" and not "to a particular feature housed therein." Doc. 139 at 10. It then determined that the Solo literally infringes this claim element and that no reasonable fact finder could conclude otherwise. *Id.* Here, RJR restates the same arguments that the Court already considered and rejected in its original order. *Id.* at 7–11. RJR has not demonstrated any clear error of law or manifest injustice and the motion to reconsider will be denied as to this issue.

---

[2] *See Garey v. Farrin*, No. 1:16-CV-542, 2021 WL 1124286, at *2 n.2 (M.D.N.C. Mar. 24, 2021) (collecting cases).

3

RJR also has not demonstrated clear error or manifest injustice in the Court's ruling that the "Ciro has a straight airflow passageway within the meaning of the Court's claim construction for the '604 and '881 patents." *Id*. at 18. As RJR agreed in its initial briefing on summary judgment, *see, e.g.*, Doc. 134 at 16, the Ciro's physical structure is undisputed. The presence of obstacles and other pieces within the Ciro's airflow passageway around and through which air travels "do[es] not change the fact that the claimed airflow passageway is present and literally infringes the 'airflow passageway' element of the construed claims." *See* Doc. 139 at 17.

RJR has not shown clear error nor manifest injustice. Upon full consideration of the evidence presented, another review of the summary judgment briefing, and the briefing filed in connection with this motion, the Court remains persuaded that there are no disputed questions of material fact, and it is **ORDERED** that the motion to reconsider, Doc. 141, is **DENIED**.

This the 28th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE

4